IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CRAIG AGNEW | § | |
| v. | § | CIVIL ACTION NO. 5:09cv32 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Craig Agnew, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Agnew's original complaint consisted of a list of items which he says that the Defendants were in violation of, including his probation, his right to a separate hearing on punishment under the Texas Code of Criminal Procedure, proper classification under the stipulations in Ruiz v. Estelle, various rights pertaining to his criminal conviction, his right to be free from overcrowding, his right to medical care, his rights under the doctrine of separation of powers, and his rights under the Texas Code of Criminal Procedure pertaining to the resolution of time credit disputes. Agnew then went on to list various provisions of the TDCJ General Rules of Conduct for Employees. He offered no specific facts showing any violation of his personal rights, but demanded compensatory and punitive damages.

The Magistrate Judge ordered Agnew to file an amended complaint setting out his claims with more factual specificity. In response to this order, Agnew filed an amended complaint naming as Defendants TDCJ-CID Director Nathaniel Quarterman, "all of the officers at the Telford

1

Unit," and "all of the inmates at the Telford Unit." He refers to an incident in which unnamed officers and inmates threatened to kill him, and then an incident in which he received an unjustified disciplinary case. He says that in the course of this disciplinary case, another prisoner told Captain Gaddiss that he was going to kill Agnew, and so Agnew was placed on transient status; however, a grievance response furnished by Agnew said that he no longer believed that his life was in danger. Agnew also complained about the fact that he has not been released on parole despite the fact that he was told at trial that he would serve six years in prison and six years on parole.

After review of the pleadings, the Magistrate Judge issued a Report on April 27, 2009, recommending that the lawsuit be dismissed. The Magistrate Judge first noted that Agnew failed to offer specific facts with regard to any allegations except for his claim about the disciplinary case, and that with regard to this case, Agnew failed to show that he had been deprived of any constitutionally protected liberty interests. Furthermore, the Magistrate Judge said, Agnew failed to show any constitutional violation in the fact that he was placed in a separate housing status while the threats made against him were investigated. Finally, the Magistrate Judge stated that Agnew's claims concerning the failure to release him on parole sound in habeas corpus and are not cognizable in a civil rights action.

The Magistrate Judge therefore recommended that Agnew's lawsuit be dismissed with prejudice as frivolous with regard to his claims concerning the disciplinary case of February 1, 2009, and the threats allegedly made against him by prison officials. The Magistrate Judge further recommended that Agnew's claims for monetary relief concerning the legality of his conviction or his continued confinement be dismissed without prejudice until such time as Agnew shows that the conviction or confinement has been overturned, expunged, or otherwise declared invalid, and that all other claims in the lawsuit be dismissed without prejudice.

Agnew received a copy of the Magistrate Judge's Report on April 29, 2009, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from appellate

review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous with regard to the Plaintiff's claims concerning the disciplinary case he received on February 1, 2009, and the threats which have been made against him by prison officials and DISMISSED without prejudice as to all other claims. The refiling of Agnew's claims seeking monetary damages concerning the legality of his conviction or confinement is contingent upon a showing that such conviction or confinement has been overturned, expunged, or otherwise declared invalid; this requirement does not in any way prevent Agnew from challenging the legality of his conviction or confinement through an application for the writ of habeas corpus in state or federal court. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 15th day of July, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE